23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Eugene KYLE, Defendant-Appellant.
 No. 92-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 5, 1994.
Decided May 2, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CR-91-20-R)
 Gary M. Bowman, Roanoke, VA, for Appellant.
 E. Montgomery Tucker, U.S. Atty., Ray B. Fitzgerald, Jr., Asst. U.S. Atty., Roanoke, VA, for Appellee.
 Before ERVIN, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Eugene Kyle appeals his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. Sec. 846 (1988).* Kyle claims that there was a material variance between the evidence presented at trial and the facts alleged in the indictment for conspiracy. Because we find that the proof offered at trial supported the conspiracy charged, we affirm Kyle's conviction.
 
 
 2
 Count one of the indictment charged Kyle with conspiring with Michael Simmons, Steffon Young, Perry Brown, Steven Brown, and unknown others to distribute cocaine base. The indictment stated that Perry Brown supplied the drugs to the co-conspirators, including Kyle, and that they then distributed the drugs and returned the money to Perry Brown and Michael Simmons. At trial, undercover agent Ross Sheets testified that he was given Kyle's name by people on the street as a person to contact if he wanted to purchase cocaine base. After Sheets initially spoke to Kyle, who told Sheets there was no cocaine base available, Kyle showed up at Sheets's trailer on June 20 with Steven Brown. Kyle introduced Sheets to Steven Brown, and Brown sold drugs to Sheets.
 
 
 3
 Sheets also testified that on June 21 he heard that a quantity of drugs was to be delivered at a trailer. He went to the trailer and Kyle and Steven Brown arrived; Brown again sold him cocaine base. On June 26, Sheets approached Kyle about purchasing more cocaine base. Kyle said he had a contact in Mt. Airy, North Carolina, but could not get there. Steffon Young offered to drive him. Later that evening Kyle arrived at Sheets's trailer with drugs, and at Sheets' request "cooked" cocaine into crack for him.
 
 
 4
 Sheets testified that on June 29 he drove to a crack house where he found Kyle. He asked Kyle if he could purchase more cocaine base. Kyle took Sheets's money and went into the house, returning with the cocaine base. As Sheets started to drive away, Kyle held up A bag containing drugs and asked Sheets what he would give him for it. Sheets quoted a price and Kyle shouted over to another person in front of the house to see if the price was acceptable. The person agreed and Sheets purchased the drugs.
 
 
 5
 Sheets testified that on October 6 he sought Kyle out to purchase drugs, but Kyle did not have any available at that time. However, they negotiated a sale of an ounce of cocaine, and Kyle agreed to check out the price from a source in New York. On October 8, Kyle introduced Sheets to Michael Simmons. Sheets purchased drugs from Kyle and Simmons and left.
 
 
 6
 Sheets testified that upon arrest, Kyle stated that he was a little man and that the big people deserved to be caught, people like Michael Simmons who brought the cocaine from New York for "Peanut." Further, Kyle stated that he would testify against Steven and Perry Brown, who were large dealers in the community. Kyle testified that Perry and Steven Brown were his cousins, and he had met Michael Simmons recently. He acknowledged the individual drug transactions, but denied that he was involved in a drug distribution scheme with the others. He stated that he had only connected Sheets up with them because they asked him to, and because Sheets told Kyle he would get Kyle cocaine if he did. Kyle also testified that he received no benefit from the transactions. The judge gave a jury instruction on variance, and the jury found Kyle guilty of conspiracy and several counts of distribution.
 
 
 7
 Kyle claims that the evidence supports a multiple conspiracy theory, with Kyle at the hub and the others as spokes. He claims that the evidence constituted a substantial variance from the indictment, invalidating his conviction. See Kotteakos v. United States, 328 U.S. 750, 755 (1946) (where defendant is at center of conspiracy and codefendants do not know of each other, evidence establishes multiple not single conspiracy).
 
 
 8
 To assess the sufficiency of the evidence to support Kyle's conviction for participation in a single conspiracy, we must determine if any rational trier of fact could have found him guilty beyond a reasonable doubt, viewing the evidence in a light most favorable to the prosecution. United States v. Sutton, 961 F.2d 476, 478 (4th Cir.), cert. denied, 61 U.S.L.W. 3260 (U.S.1992). The reviewing court must consider circumstantial as well as direct evidence, and must allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982). Once a conspiracy is shown to exist, the government need only show a slight connection between the defendant and the conspiracy; the government does not need to show that the defendant knew all of the co-conspirators or the details of the conspiracy. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992).
 
 
 9
 In most narcotics conspiracies, the conspiracy fits into a chain metaphor from suppliers down to retail sellers. United States v. Tarantino, 846 F.2d 1384, 1392 (D.C.Cir.), cert. denied, 488 U.S. 867 (1988). To establish a chain conspiracy, "the government need not prove a direct connection between all the conspirators. A single conspiracy may be established when each conspirator knows of the existence of the larger conspiracy and the necessity for other participants, even if he is ignorant of their precise identities." Id. In determining if the chain conspiracy was a single conspiracy, several factors are to be considered. These factors include: (1) whether the evidence establishes that the conspirators had the intent to further a common unlawful goal; (2) the degree of dependence between conspirators; and (3) whether there is "overlap of participants in the various operations claimed to comprise a single conspiracy." Id. at 1392-93. The evidence at trial established that Kyle knew of the other conspirators and relied on them for his supply of drugs and quotation of prices. Additionally, Kyle's drug transactions with Sheets demonstrate that he knew the goal of the conspiracy was to sell cocaine for profit, and he participated in pursuing that goal. The evidence revealed that "Peanut" or Simmons and others supplied Kyle with drugs and prices, and that Kyle either sold the drugs himself or set up sellers with buyers and then brought the money back to unknown conspirators. Hence, the evidence was sufficient to prove the existence of a single conspiracy, and that Kyle was a part of the conspiracy. Therefore, we affirm Kyle's convictions.
 
 AFFIRMED
 
 
 *
 Kyle was also convicted of several counts of distribution of cocaine base. However, he does not challenge these convictions on appeal